IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINAMARIE CRUZ, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:14-CV-00723 |
| | : | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | : : : | (Judge Brann) |
| | : | |
| Defendant | : | |

**MEMORANDUM**

**Background**

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Tinamarie Cruz's claim for social security disability insurance benefits and supplemental security income benefits.

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that Cruz met the insured status requirements of the Social Security Act through December 31, 2012.

Tr. 28, 30 and 184.[1]  In order to establish entitlement to disability insurance benefits Cruz was required to establish that she suffered from a disability[2] on or before that date. 42 U.S.C. §423(a)(1)(A), (c)(1)(B); 20 C.F.R. §404.131(a)(2008); see Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

Supplemental security income is a federal income supplement program funded by general tax revenues (not social security taxes).  It is designed to help aged, blind or other disabled individuals who have little or no income. Insured status is irrelevant in determining a claimant's eligibility for supplemental security income benefits.

Under 42 U.S.C. § 405(g) and relevant case law, the court is limited to reviewing the administrative record to determine whether the decision of the Commissioner is supported by substantial evidence or infected with an error of law. Counsel for the parties are familiar with the five-step sequential evaluation process[3]

---

[1] References to "Tr.\_" are to pages of the administrative record filed by the Defendant as part of the Answer on June 18, 2014.

[2] A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 432(d)(1)(A).

[3] The Commissioner utilizes a five-step process in evaluating disability insurance benefits claims.  See 20 C.F.R. § 404.1520; Poulos v. Commissioner of Social Security, 474 F.3d 88, 91-92 (3d Cir. 2007).  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in

that the Commissioner utilizes and the substantial evidence and legal error standard of review.[4]

---

substantial gainful activity, (2) has an impairment that is severe or a combination of impairments that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id. At step five of the sequential evaluation process, the burden of production temporarily shifts to the Commissioner to produce vocational evidence demonstrating that there are a significant number of jobs in the national economy that the claimant, given his or her residual functional capacity, can perform. Once the Commissioner satisfies this limited burden of production, the burden shifts back to the claimant to prove that the Commissioner cannot rely on the vocational evidence.

[4]A trial court has plenary review of all legal issues decided by the Commissioner. Poulos v. Commissioner of Social Security, 474 F.3d 88, 91 (3d Cir. 2007). The trial court's review of any findings of fact, however, is limited to whether those findings are supported by "substantial evidence." Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). The substantial evidence standard is highly deferential, and is satisfied with "more than a mere scintilla" of evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(internal citation omitted). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Substantial evidence "does not mean a large or considerable amount of evidence," but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quotation omitted). Substantial evidence exists only "in relationship to all the other evidence in the record," see Cotter v. Harris, 642 F.2d 700. 704 (3d Cir. 1981), and therefore a court reviewing the Commissioner's decision must scrutinize the record as a whole, including whether the Commissioner adequately developed the record. Shaw v. Chater, 21 F.3d 126, 131 (2d Cir. 2000).

Cruz protectively filed[5] an application for disability insurance benefits on April 2, 2012, and an application for supplemental security income benefits on April 13, 2012. Tr. 27, 115, 175-180 and 184.  In those applications Cruz alleged that she became disabled on March 24, 2011. Tr. 175 and 177.  However, as will be subsequently explained Cruz has not worked since August 27, 2007, when she was involved in a motor vehicle accident.   Cruz claims that she is disabled because of both  physical and mental impairments, including degenerative disc disease of the cervical and lumbar spine and bipolar disorder. Tr. 203-204. On July 6, 2012, the Bureau of Disability Determination[6] denied Cruz's applications. Tr. 27 and 146-155.   On August 21, 2012, Cruz requested a hearing before an administrative law judge. Tr. 27 and 156-157.  After about 12 months had passed, a hearing was held on August 5, 2013.  Tr. 71-93.  On October 16, 2013, the administrative law judge issued a decision denying Cruz's applications. Tr. 27-39. The administrative law judge found that Cruz had the residual functional capacity to perform a limited range of sedentary

---

[5]Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits.  A protective filing date allows an individual to have an earlier application date than the date the application is actually signed.

[6]The Bureau of Disability Determination is an agency of the state which initially evaluates applications for disability insurance benefits and supplemental security income benefits on behalf of the Social Security Administration.  Tr. 147 and 152.

work and based on that residual functional capacity she had the ability to engage in her past relevant employment as a "vaccine producer." [3] Tr. 32 and 38-39. On November 1, 2013, Cruz requested that the Appeals Council review the administrative law judge's decision and on February 10, 2014, the Appeals Council concluded that there was no basis upon which to grant Cruz's request for review. Tr. 6-10 and 22.  Thus, the administrative law judge's decision stood as the final decision of the Commissioner.

Cruz then filed a complaint in this court on April 14, 2014.  Supporting and opposing briefs were submitted and the appeal[4] became ripe for disposition on September 22, 2014, when Cruz elected not to file a reply brief.

For the reasons set forth below we will remand the case to the Commissioner for further proceedings.

**Discussion**

Cruz was born in the United States on May 3, 1971, and at all times

---

[3]Past relevant employment in the present case means work performed by Cruz during the 15 years prior to the date her claim for disability was adjudicated by the Commissioner. 20 C.F.R. §§ 404.1560 and 404.1565.

[4]Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

relevant to this matter was considered a "younger individual"[5] whose age would not seriously impact her ability to adjust to other work. 20 C.F.R. §§ 404.1563(c) and 416.963(c); Tr. 76, 143-144 and 177.

Cruz has the equivalent of a high school education and can, read, write, speak and understand the English language and perform basic mathematical functions such as paying bills, counting change, handling a savings account and using a checkbook and money orders.  Tr. 202, 204 and 222.  During her elementary and secondary schooling, Cruz attended regular education classes. Tr. 204.

Cruz in the present appeal raises basically the following two issues: (1) the administrative law judge erred in finding that she had the capacity to perform work as a "vaccine producer,"[6] and (2) the administrative law judge erred in evaluating the medical and non-medical evidence, particularly the opinions of treating

---

[5]The Social Security regulations state that "[t]he term younger individual is used to denote an individual 18 through 49."  20 C.F.R., Part 404, Subpart P, Appendix 2, § 201(h)(1). At the time of the administrative hearing and the administrative law judge's decision Cruz was 42 years old.

[6]Cruz contends, inter alia, that the job identified by the vocational expert does not exist in the Dictionary of Occupational Titles ("DOT") issued by the Department of Labor and the position apparently identified by the vocational expert is actually one referred to as an egg processor, DOT # 559.687-034, which involves using an electric saw to remove the ends of eggs and then using tweezers to break the sac containing the viral fluid.  That job, however, according to Cruz bears no resemblance to the position she held which required cleaning under machines and lifting and moving trays of eggs to and from carts and pushing the carts containing those trays.

medical providers.

This is the second time that Cruz has filed an appeal from an adverse decision of the Commissioner. The period of disability covered by that prior case was August 27, 2007, when she was involved in a motor vehicle accident through March 22, 2011. The DIB and SSI applications in that prior case were filed with the Social Security Administration on August 18 and 19, 2009, respectively. An administrative law judge denied those prior applications on March 22, 2011. The Appeals Council denied review, a complaint was filed in this court, and on September 17, 2013, this court remanded that prior case to the Commissioner for further proceedings. Cruz v. Astrue, Civil No. 12-135, slip op., (M.D. Pa. Sept. 17, 2013)(Caldwell, J.)(Doc. 13).

The record in that prior case revealed that Cruz had past relevant employment as a (1) cleaner of laboratory equipment which was described as unskilled, medium work by a vocational expert, (2) loader and unloader at a Walmart Distribution Center which was described as semi-skilled, heavy work, and (3) production line worker which was described as unskilled, heavy work.[7] Id., slip op.

---

[7]The terms sedentary, light, medium and heavy work are defined in the regulations of the Social Security Administration as follows:

> (a) *Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying

at 4-5. Cruz also worked as a waitress for various restaurants. Id.  The administrative law judge in that prior case found that Cruz's past relevant work was medium to heavy work and since that determination Cruz has not engaged in any additional

---

> articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) *Light work*.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> (c) *Medium work*.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or  carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can do sedentary and light work.
>
> (d) *Heavy work*.  Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

20 C.F.R. §§ 404.1567 and 416.967.

work. Tr. 30 and 398.  That prior case was remanded for the Commissioner to appropriately consider the opinions of treating physicians and the credibility of Cruz.  The record does not reveal the disposition of the prior case after being remanded to the Commissioner.[8]

In the present case as noted above the DIB and SSI applications were filed on April 2 and 13, 2012, respectively, and the administrative law judge was aware of the prior applications filed by Cruz and the decision of the administrative law judge who handled that case.  With respect to the prior case the administrative law judge stated as follows in the decision of October 16, 2013:

> The claimant previously filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income on August 18, 2009, and August 19, 2009, respectively.  These applications were initially denied and upon request for hearing, an unfavorable decision was issued by Administrative Law Judge Therese A. Hardiman on March 22, 2011 [].  The undersigned Administrative Law Judge does not find a basis for reopening the claimant's prior Title II or Title XVI applications[]. . . . Accordingly, there is no new and material evidence thus the undersigned finds that res judicata is applicable for period of time through March 22, 2011, based on the unfavorable decision issued by Judge Hardiman.  As the matter has already been adjudicated and a final decision was made, the claimant is not able to continue to re-litigate (sic) issues already decided by the court. Therefore, the previous decision is final and binding.

---

[8]Cruz's attorney did suggest to the Appeals Council that the cases should be merged or consolidated. Tr. 266.

Tr. 27.

Records of the Social Security Administration reveal that Cruz had earnings in the years 1987, 1988 and 1991 through 2008, a total of 20 years. Tr. 185. Cruz's average earnings during those years were $10,386.46. Id. Cruz's earnings ranged from a low of $841.97 in 2008 to a high of $25,955.09 in 2004. Id. Cruz's total earnings were $207,732.93. Id. However, according to the testimony of Cruz at the administrative hearing held on February 9, 2011, before the administrative law judge Hardiman, the earnings in 2008 - $841.97 - were from a disability plan and she was not employed during that year. Cruz v. Astrue, Civil No. 12-135 (M.D. Pa.)(Docs. 5-2, at 52 & 5-6, at 124); Tr. 629. As stated above, Cruz was involved in an automobile accident on August 27, 2007, and has not worked since that date. Id.

The administrative law judge in the present case as noted above rendered her decision on October 16, 2013, and the Appeals Council denied review on February 10, 2014. The prior case was remanded to the Commissioner for further proceedings by this court on September 17, 2013. In light of that remand, the administrative law judge's determination in her decision of October 16, 2013, that there was no basis to reopen the prior case was erroneous. Moreover, as pointed out by Cruz in her brief the administrative law judge in the prior case found that all of Cruz's past relevant employment was at least medium work and it was error for the

administrative law judge in the decision of October 16, 2013, to find that Cruz's work as a "vaccine producer"[9] was sedentary work and that she had the ability to perform that work.  It was inappropriate for the administrative law judge to relitigate the issue of Cruz's past relevant employment in light of the administrative law judge's refusal to reopen the prior case and the fact that Cruz had no further employment after August, 2007.  Under the circumstances presented, the administrative law judge erroneously relitigated the issue of past relevant employment.

Our review of the administrative record reveals legal error which renders the decision of the Commissioner defective and unsupported by substantial evidence.  We will, therefore, pursuant to 42 U.S.C. § 405(g) vacate the decision of the Commissioner.

An appropriate order will be entered.

        s/Matthew W. Brann
        Matthew W. Brann
        United States District Judge

Dated: March 20, 2015

---

[9] This work appears to be what is described in the prior case as unskilled, medium work as a cleaner of laboratory equipment or as unskilled, heavy work as a production line worker.